# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**AISHIA PETERSEN,**

       **Plaintiff,**

**v.**                                                          **Case No: 6:25-cv-0469-JSS-DCI**

**WINDSOR FASHIONS HOLDINGS,**
**LLC D/B/A WINDSOR**

       **Defendant.**

_____

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion for Default Judgment (Doc. 25)** |
| **FILED:** | **September 9, 2025** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff initiated this case against Defendant for alleged violations of the Americans with Disabilities Act (ADA). Doc. 1. Plaintiff complains that Defendant's website is not accessible to blind or visually impaired consumers in violation of the ADA. Doc. 1 at 2. By Order dated July 8, 2025, the Court granted Plaintiff's Motion for Clerk's Entry of Default. Doc. 22. Pending before the Court is Plaintiff's Motion for Default Judgment filed pursuant to Federal Rule of Civil Procedure 55(b)(2). Doc. 25 (the Motion). The Motion is due to be denied without prejudice.

"Although Rule 55(b)(1) provides for entry of default judgment by the clerk, courts in this District have nonetheless found it proper to review such motions and then, only if appropriate,

direct the entry of judgment." *Estes Express Lines v. Coverlex, Inc.*, 2019 WL 13183880, at *1 (M.D. Fla. Apr. 19, 2019) (citing *Color Events, BV v. Multi Talen Agency, Inc.*, 2018 WL 4762973, at *1 (M.D. Fla. Sept. 17, 2018)).  A party is not entitled to a default judgment merely because a clerk's default has been entered.  Instead, before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

The Motion is due to be denied because Plaintiff does not address service of process and the Court questions whether service on Defendant was sufficient.  The Return of Service reflects that Plaintiff served Defendant by delivering the summons and complaint to "Business Filings Incorporated, Donna Moch authorized to accept service, of the within named corporation, at the address of 1200 S Pine Island Rd, Plantation, Fl 33324[.]" Doc. 13.  Florida's Division of Corporation's website reflects that Business Filings Incorporated is Defendant's registered agent and Business Filings Incorporated's address is 1200 S. Pine Island Road, Plantation, Florida. www.sunbiz.org.

However, the process server's statement regarding service provides no information whatsoever regarding Donna Moch's relationship to Defendant or Business Filings Incorporated other than the "authorized to accept" representation.  In Florida, service on a domestic or registered foreign limited liability company—like Defendant—may be achieved through service on its registered agent.  Fla. Stat. § 48.062(2).  Additionally, Florida Statutes section 48.091(4), regarding an LLC's designation of a registered agent provides that "[a] person attempting to serve process pursuant to this section on a registered agent that is other than a natural person may serve the process on any employee of the registered agent." Since Defendant's registered agent,

Business Filings Incorporation, is not a natural person, it appears that Plaintiff can serve Defendant through that entity's employee. The Return of Service does not reflect that Donna Moch is an employee of the registered agent. As such, the Court is not persuaded that service on Donna Moch is sufficient under the relevant law. *See Nguyen v. Tampa Karaoke VIP, Inc.*, 2025 U.S. Dist. LEXIS 33603, at * 3 (M.D. Fla. Feb. 25, 2025) (denying a plaintiff's motion for clerk's default because there was not enough information for the court to determine if the requirements of Rule 4(h)(1)(B) were met by delivering service on someone authorized to accept service because it was unclear who the person authorized was, the person's title, or how he was authorized to accept service on the defendant's behalf).

Second, the Motion is due to be dismissed because Defendant does not adequately address venue. Defendant generically states that the "property" is located in this District. Doc. 25. The Court questions what Defendant means by "property" as Plaintiff's allegations and request for relief center around Plaintiff's alleged inability to access Defendant's website.[1] Plaintiff's reference to "property" is insufficient.

Third, Plaintiff has not provided an adequate legal memorandum or a statement of the basis for the request under Local Rule 3.01(a). Plaintiff's citation to Rule 55 and the ADA's general requirements is insufficient to establish that default judgment is warranted in this case. Plaintiff's "discussion" is two generic sentences regarding the ADA with no connection to the facts.[2]

---

[1] Plaintiff alleges in the Complaint that Defendant is a store open to the public and the physical stores are places of public accommodation, but it seems the basis of the Complaint and the relief sought relates to Plaintiff's inability to use Defendant's website. Doc. 1. Accordingly, it is simply not clear what Plaintiff means by the term "property" in the Motion and the basis for venue.

[2] Plaintiff's equally generic "analysis" contained within the attached Proposed Order is also insufficient. Doc. 25-2.

Again, the crux of the complaint is that Plaintiff was unable to access Defendant's website. Plaintiff gives no analysis on the elements of Plaintiff's claim under the applicable law, nor has Plaintiff established that the well-pled allegations of the Complaint establish each element. Notably absent is any analysis on how the website at issue is a place of public accommodation.[3] And with zero analysis and an insufficient memorandum of law, the Court is not satisfied that Plaintiff even has standing to bring the claim. Indeed, it is not the Court's role to determine which of the allegations in the Complaint satisfy the elements of the claims. *See United States ex. rel. Phoenix Metals Co. v. Worthfab, LLC*, 2020 U.S. Dist. LEXIS 118796, at \*2 (M.D. Fla. July 7, 2020) (denying without prejudice a motion for default judgment because the plaintiff did not discuss the elements for each claim, provide citations to authority as to these elements, and support each element by pinpoint citation to the factual allegations in the complaint); *Gonopolsky v. Korchak*, 2007 WL 1549429, at \*2 (May 25, 2007) (finding that a motion for default judgment was insufficient because there was no discussion of the elements of each cause of action and how the allegations of the complaint, taken as true, satisfy the elements).

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 25) is **DENIED without prejudice**; and

2. **on or before October 9, 2025**, Plaintiff may file another motion for default judgment in accordance with this Order, the Federal Rules of Civil Procedure, and the Local Rules of this Court.

---

[3] In the Complaint, Plaintiff alleges that "[b]inding case law increasingly recognize that private entities are providing goods and services to the public through their online point of sale which operates as 'Places of Public Accommodation' under Title III." Doc. 1 at 15. Plaintiff may be right but does not address that binding authority in the Motion.

Failure to file the motion for default judgment within the allotted time may result in dismissal of this action for failure to prosecute without further notice.

**ORDERED** in Orlando, Florida on September 26, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties