**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AISHIA PETERSEN,**

        **Plaintiff,**

**v.**                                      **Case No: 6:25-cv-0469-JSS-DCI**

**WINDSOR FASHIONS HOLDINGS,**
**LLC D/B/A WINDSOR**

        **Defendant.**

_____

**ORDER**

    Aishia Petersen (Plaintiff) initiated this case against Defendant for alleged violations of the Americans with Disabilities Act (ADA). Doc. 1. Plaintiff complains that Defendant's website is not accessible to blind or visually impaired consumers in violation of the ADA. *Id*. The Court granted Plaintiff's motion for clerk's entry of default but denied without prejudice Plaintiff's initial and first amended motions for default judgment. Docs. 22, 26, 28, 29. Pending before the Court is Plaintiff's Second Amended Motion for Default Judgment filed pursuant to Federal Rule of Civil Procedure 55(b)(2). Doc. 30 (the Motion). The Motion is due to be denied as deficient.

    "Pursuant to Rule 65, every injunction must 'state its terms specifically' and 'describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.'" *Access for the Disabled, Inc. v. Osceola Enters. Of Kissimmee, Inc.*, 2010 WL 2889823, at *1 (M.D. Fla. July 22, 2010) (quoting Fed.R.Civ.P. 65). Here, Plaintiff requests that the Court "enter a temporary injunction prohibiting Defendant from continuing to maintain and operate an inaccessible website in violation of the ADA and requiring Defendant to take all steps necessary to bring the Website into substantial conformance with the ADA, including

remediation of the accessibility barriers identified in Plaintiff's Expert Report (and any substantially similar barriers of the same nature), with such temporary injunctive relief to remain in effect until remediation is complete[.]" Doc. 30 at 17.

Plaintiff, however, does not attach an expert report to the Motion and, therefore, the Court cannot consider what is "identified" in the report.[1]   And even if Plaintiff provided the report, Plaintiff still must describe in reasonable detail the specific terms of the injunction sought. *See* Fed.R.Civ.P. 65(d)(1).   Perhaps the expert report will assist the Court in identifying the "accessibility barriers" Plaintiff cites to, but Rule 65 still requires Plaintiff to do more than refer to the document.  As such, Plaintiff's request for injunctive relief is deficient, and the Motion is due to be denied.  *See Petersen v. Culver Franchising Sys., LLC*, 2026 WL 1039664, at *2 (M.D. Fla. Mar. 20, 2026), *report and recommendation adopted by*, 2026 WL 1035242, at *1 (M.D. Fla. Apr. 16, 2026) (denying Plaintiff's motion for default judgment in part because Plaintiff failed to adequately request injunctive relief).[2]

While a recommendation to the Court to dismiss the case seems warranted at this juncture, the undersigned will provide Plaintiff one last opportunity to file her request for relief before doing so because the latest deficiency was at least partially due to the apparent oversight related to the expert report.  And if Plaintiff refiles, Plaintiff should also correct what appear to be scrivener's errors.  Namely, Plaintiff states in the Motion that "Judges **in this District** have repeatedly upheld materially identical factual and nexus allegations to find ADA website violations and enter final judgment."  Doc. 30 at 15 (emphasis added).  In support of this statement, Plaintiff cites to 11

---

[1] There is also no expert report attached to the Complaint or the previous requests for default judgment.  Plaintiff attached the curriculum vitae of an expert to the First Amended Motion for Default Judgment but did not include an expert report.  *See* Doc. 20-1.

[2] The plaintiff in *Petersen*, 2026 WL 1039664, at *1 is the same plaintiff in the instant case.

cases exclusively from the Southern District of Florida. *Id*. at 15 to 16. The instant case, however, is not in the Southern District of Florida. Plaintiff should provide the correct authority if Plaintiff intends to rely on cases from the Middle District of Florida or amend her statement regarding "this District."[3]

Further, in the Motion, Plaintiff is referred to as "Raymond Mahlberg," which appears to be a typographical error. *Id*. at 7. Plaintiff also cites to paragraph 48 of the Complaint in support of her contention that she encountered barriers on Defendant's website (Doc. 30 at 9, 11), but there is no paragraph 48 in the Complaint, perhaps due to another typographical error. *See* Doc. 1 at 11. Plaintiff should correct the errors if Plaintiff refiles the request for relief.

It is **ORDERED** that:

1.  the Motion (Doc. 30) is **DENIED without prejudice**;

2.  **on or before July 2, 2026**, Plaintiff may file another motion for default judgment in accordance with this order, the Federal Rules of Civil Procedure, and the Local Rules of this Court. **The failure to comply may result in the dismissal of this case without further warning.**

**ORDERED** in Orlando, Florida on June 22, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] Plaintiff cites cases from the Southern District of Florida 16 times to support the request for default judgment with no citation to cases from the Middle District of Florida. Plaintiff may rely on cases from other districts, but the Court notes the absence of authority from the Middle District of Florida given Plaintiff's misstatement regarding "this District."